UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR POTTS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 10-2781-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On April 19, 2010, Oscar Potts ("Plaintiff" or "Claimant" or "Potts") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on November 3, 2010. The parties filed a Joint Stipulation ("JS") on March 8, 2011. The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with law and with this Memorandum and Opinion.

## BACKGROUND

Plaintiff is a 52 year old male who alleged disability beginning May 15, 1991, due to back problems (AR 13) and mental difficulties. (AR 128.) Plaintiff's claim was denied initially on December 27, 2005, and on reconsideration on May 3, 2006. (AR 13.) He filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jeffrey Hatfield on May 22, 2008, in Long Beach, California. (AR 13-19.) Claimant appeared and testified. (AR 13.) Vocational expert ("VE") Aida Y. Worthington also testified. (AR 13.) Claimant was not represented by counsel. (AR 13.)

The ALJ issued an unfavorable decision on June 5, 2008. (AR 13-19.) The Appeals Council denied review on March 15, 2010. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff is raising as a ground for reversal and remand is as follows:

1. Whether the ALJ erred in failing to obtain a sufficient waiver from Oscar Potts of his right to counsel.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first

must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff has not engaged in substantial gainful activity since May 25, 2005, the application date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the severe medical impairment of multilevel disc disease of the lumber spine. (AR 15.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 15.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The ALJ found that Claimant had "the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently, stand/walk 6 hours in an 8 hour workday, no ladder/rope/scaffold climbing, and avoidance of working around hazardous machinery, at unprotected heights or driving as an occupational requirement." (AR 15.) In assessing Claimant's RFC, the ALJ determined that there was no evidence of any medically determinable mental impairment and also made an adverse credibility finding (AR 17), but this finding related only to Potts' back pain allegations which are not in issue on this appeal.

At step four, the ALJ found that the Claimant has no past relevant work. (AR 17.)

At step five, with the aid of vocational expert testimony, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Claimant can perform. (AR 18.)

Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 18.)

**DISCUSSION**

The ALJ decision must be reversed. The lay witness evidence of Plaintiff's comprehension difficulties triggered the ALJ's duty to develop the record further. Notwithstanding this evidence, the ALJ failed to conduct a sufficient inquiry to determine if Plaintiff's waiver of counsel was knowing and voluntary. The lack of counsel resulted in prejudice and unfairness in the administrative process. The ALJ committed error by not developing the record further and by not discussing the lay witness evidence. That evidence undermines the ALJ's RFC and the ALJ's step five conclusion that Potts could perform jobs in the national economy. The ALJ decision must be reversed and remanded to obtain a consulting examiner's assessment of Plaintiff's mental capacity.

**A.    Factual And Procedural Background**

A Social Security claimant has a statutory right to be represented by counsel at an administrative hearing. 42 U.S.C. § 406; Saelee v. Astrue, 2011 WL 794922, *2 (E.D. Cal. 2011); Duns v. Heckler, 586 F. Supp. 359, 364 (N. D. Cal. 1984). At the administrative

hearing here, the ALJ obtained a signed waiver of counsel from Potts. (AR 26-27, 75.) Plaintiff, however, asserts that the ALJ did not obtain a sufficient, knowing waiver of his right to counsel, and seeks reversal and remand on that basis.

In response to the Written Questions To Claimant form dated May 19, 2008, Potts alleged diminished mental capacity. (AR 128.) He stated he "forgets easily," is not able "to understand or remember complex instructions," is "confused at times," and needs "more direction or information to finish task," and is "distracted easily, has to be redirected." (AR 128.)

A Social Security interviewer by the name of A. Jackson confirmed Plaintiff's allegation. In a June 10, 2005, Disability Report (AR 79-82), the interviewer indicated Potts has difficulty with understanding, coherency, concentrating, and answering. (AR 80-81.) Potts rambled and "drifted off on topics I didn't ask him about several times." (AR 81.) He started talking to himself and the interviewer "had to rephrase several questions in order for him to grasp what was being said." (AR 81.)

Potts' niece Brenda Fay gave similar testimony at the hearing. (AR 39-41.) She stated that "he don't comprehend too well" (AR 27) and "he don't comprehend so when you ask him questions, you have to continue to ask him." (AR 29.) She also stated that Potts "does not comprehend very well" and "there's a lot of stuff you have to keep repeating." (AR 39.) Ms Fay had the following colloquy with the ALJ:

| | | |
|---|---|---|
| A. | | Well, when you kept saying prepare, do you prepare your own sandwich or something like that, I don't think he understood what prepare means. And you said fix - - |
| Q. | | Well - - |
| A. | | So I don't know if he, you know what I'm saying, certain words he may not understand - - |
| Q. | | All right. Okay. |
| A. | | - - until you break it down to his, you know - - |

1       Q.    All right.

2       A.    - - - level of thinking.

3       Q.    All right.

4       ALJ:    We're going to go to the vocational expert. All right.

5 (AR 40-41.)

6     Despite these allegations and facts, the ALJ dismissed Plaintiff's mental difficulties
7 and assessed no RFC mental limitations:

8       The Claimant alleges mental problems (Exhibit I0E), but the record
9       does not show subjective mental complaints, abnormal psychiatric signs
10       or symptoms, psychiatric diagnosis or psychiatric work-up or treatment.
11       The undersigned finds no evidence of a medically determinable mental
12       impairment.

13 (AR 17.)

14     **B.    Applicable Federal Law**

15     In Social Security cases**,** the ALJ has a special, independent duty to develop the
16 record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan
17 v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d 1273, 1288 (9th Cir. 1996);
18 Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform
19 himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1
20 (1983) (Brennan, Jr., concurring). When the claimant is unrepresented, the ALJ must be
21 "especially diligent" in exploring for all relevant facts. Tonapetyan, 242 F.3d at 1150. The
22 ALJ's duty to develop the record fully is also "heightened" when the claimant may be
23 mentally ill and unable to protect his or her interests. Id. Ambiguous evidence or the ALJ's
24 own finding that the record is inadequate to allow for proper evaluation of the evidence
25 triggers the ALJ's duty to "conduct an appropriate inquiry." Id.

26     Plaintiff can knowingly and intelligently waive his statutory right to counsel. Duns, 586
27 F. Supp. at 364; Perez v. Astrue, 2009 WL 3170041, *3 (C.D. Cal. 2009). Even if the waiver
28

is deficient, plaintiff must demonstrate prejudice or unfairness in the proceedings to obtain a remand. Hall v. Sec'y of Health, Educ. & Welfare, 602 F.2d 1372, 1378 (9th Cir. 1979). The real issue, however, is not whether the waiver was knowing or intelligent, but whether, without the representation, the ALJ met his heightened duty "to consciously and scrupulously probe into, inquire of, an explore for all relevant facts" to protect plaintiff's interests. Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978); see also Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981); Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). This duty includes diligently ensuring that both favorable and unfavorable facts and circumstances are elicited at the administrative hearing. Cox, 587 F.2d at 991; Vidal, 637 F.2d at 713; Key, 754 F.2d at 1551. Only if plaintiff can demonstrate prejudice or unfairness in the administrative proceeding, as a result of not having counsel present, is remand warranted. Vidal, 637 F.2d at 713.

**C. The ALJ Failed To Develop The Record Properly Which Resulted In Prejudice And Unfairness In The Hearing**

The ALJ was presented with substantial unrebutted evidence from Claimant, his niece and a Social Security interviewer that Plaintiff had potential mental limitations that obliged the ALJ to conduct an appropriate inquiry into Potts' waiver of his right to counsel. Claimant's niece repeatedly told the ALJ at the hearing that Potts did not comprehend too well. The ALJ, however, only asked Claimant if he was prepared to proceed without a lawyer (AR 26) and then gave two long orations about the proceedings, which the Court doubts Claimant understood. (AR 27-28, 29-30.) The orations had nothing to do with representation or Claimant's ability to waive it knowingly. There was never any meaningful inquiry of Claimant to determine whether he understood what he was waiving. In the absence of an appropriate inquiry, there is no way to know whether Potts' waiver of his right to counsel was knowing and intelligent. The Court concludes that Potts was motivated principally by a desire to proceed to get benefits, without any true understanding of the consequences of proceeding without counsel.

Even if the waiver was deficient, Plaintiff must demonstrate that the lack of counsel resulted in prejudice and unfairness in the administrative process and hearing. Vidal, 637

F.2d at 713.  The ALJ made numerous errors that establish prejudice and unfairness and require remand.

First, the ALJ failed to develop the record fully and fairly as <u>Tonapetyan</u> commands. <u>Tonapetyan</u>, 242 F.3d at 1150.  The lay witness evidence triggered the ALJ's heightened duty to develop the facts to protect Plaintiff's interests, in view of his lack of representation and possible mental limitations.  The ALJ decision asserts that "the record does not show subjective mental complaints." (AR 17.)  This finding is not supported by substantial evidence.  The ALJ had before him the substantial unrebutted evidence of Pott's mental limitations from Claimant, his niece and the Social Security interviewer.  The ALJ never mentions this evidence or attempts to discount it in his decision.  The evidence of comprehension difficulties from Claimant, his niece and the Social Security interviewer was enough to trigger the ALJ's duty to develop the record further on Potts' mental limitations. On this record, the ALJ should have ordered a mental assessment before proceeding further or kept the hearing open to accept such evidence.  The Appeals Council should have ordered a mental assessment.  These are the kind of efforts contemplated by case authority requiring the ALJ to be "especially diligent in exploring for all the relevant facts" as to unrepresented claimants. <u>Tonapetyan</u>, 242 F.3d at 1150.

Second, the ALJ's failure to develop the record resulted in a prejudicial finding of no mental impairment.  The ALJ decision asserts that there is no record of "abnormal psychiatric sign or symptoms, psychiatric diagnosis or psychiatric work-up or treatment." (AR 17.)  As a result, the ALJ found "no evidence of a medically determinable mental impairment." (AR 17.) Although the ALJ is correct that the record contains no <u>medical</u> evidence of mental impairment, the reason is that the ALJ failed to develop the record by ordering a mental assessment.  The ALJ's determination of no mental impairment must be set aside as it is the product of the ALJ's failure to develop the record properly.

Third, the ALJ erred by not even discussing the lay witness testimony of Claimant, his niece and the Social Security interviewer about Claimant's comprehension difficulties.  Lay

witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). The Commissioner dismisses the lay witness observations because they are not medical or psychiatric evidence. The Commissioner's attempt to dismiss the lay witness evidence must fail because the ALJ never discussed that evidence in his decision. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). In any event, the Commissioner's assertion, though true, is irrelevant, fails to appreciate the value of lay witness evidence and confuses proof of mental impairment with the ALJ's duty to develop the record. The lay witness evidence may not establish mental impairment but it triggered the ALJ's duty to inquire further. The failure to do so was error.

Fourth, the lay witness testimony undermines the ALJ's RFC. Had the ALJ developed the record further and obtained a mental assessment, the ALJ may have had to recognize additional limitations in his RFC. The ALJ's failure to address the lay witness evidence in his RFC was obvious error.

Fifth, the lay witness testimony undermines the ALJ's step five determination that there are jobs in significant numbers in the national economy that Potts could perform. The vocational expert identified three jobs: dryer attendant (DICOT 581.686.018), hand packager (DICOT 920.587-018), and linen room attendant (DICOT 222.387-030.) The last of these jobs has a reasoning level of 3 and the middle one a reasoning level of 2. If mental limitations were added to Plaintiff's RFC, these jobs might be precluded. The dryer attendant job has a reasoning level of 1 but only 1,691 local jobs. The Court takes no position on whether Plaintiff is precluded from all work, but that determination cannot be made on this record, which is not fully and fairly developed.

Sixth, the Commissioner suggests that Plaintiff's comprehension difficulties might be the result of Plaintiff's hearing problem. (AR 128.) Again, the ALJ did not mention this argument in his decision. The Commissioner's argument, moreover, is an admission of

ambiguous record evidence that would trigger the ALJ's duty to conduct an appropriate inquiry. Tonapetyan, 242 F.3d at 1150.

The Commissioner makes a series of arguments in support of the affirmance of the ALJ's decision but most of these arguments nowhere appear in the ALJ decision and cannot be considered here. Connett, 340 F.3d at 874. Some of these arguments already have been addressed. The others lack merit or are insufficient to establish harmless error.

The Commissioner, for example, observed that Plaintiff never attended special education classes, he reads the newspaper, and the physician who performed the physical examination did not mention that Potts had any comprehension difficulties. None of these facts is any substitute for a mental assessment or excuses the ALJ's failure to develop the record fully and fairly.

The most disturbing argument that the Commissioner advances is that Plaintiff cannot demonstrate prejudice from the lack of representation because he did not present evidence of a disabling mental impairment to the Appeals Council when he did retain counsel, and has not presented any new evidence to this Court, citing Hall, 602 F.2d at 1377-78. The Commissioner, however, reads Hall too broadly, which is also distinguishable. In Hall, the claimant presented new evidence in the form of a psychiatric evaluation that did not establish mental impairment and thus the Court held that no prejudice occurred from the lack of representation. Here, of course, no new evidence has been presented yet because the ALJ failed in his duty to develop the record. Hall does not stand for the general proposition that a claimant is obliged to present new evidence proving disability to establish prejudice from lack of representation. The Commissioner's assertion confuses Plaintiff's burden of proof with the ALJ's independent special duty to develop the record and would inappropriately turn his duty to develop the record back on Plaintiff. The legal standard is prejudice and unfairness in the administrative hearing. That standard is more than met here by the ALJ's errors in not developing the record in view of the lay witness evidence and in failing to discuss that evidence in assessing Plaintiff's RFC, thereby undermining both the ALJ's RFC and his step five determination of what jobs in the national economy Plaintiff could perform.

The ALJ decision is reversed and remanded for further proceedings with the instruction that an appropriate consulting examiner (such as a psychologist) be retained to conduct a mental assessment and determine whether Plaintiff's RFC should be modified to incorporate mental limitations.

**ORDER**

IT IS HEREBY ORDERED that Decision of the Commissioner of Social Security is reversed and remanded for further proceedings in accordance with law and with this Memorandum and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 17, 2011

                                            */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE